OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Davenport, Appellant, v. M/I Schottenstein Homes, Inc., Appellee.
[Cite as Davenport v. M/I Schottenstein Homes, Inc. (1994), Ohio St.3d    .]
Appeal dismissed as improvidently allowed.
(No. 93-1749 -- Submitted October 25, 1994 -- Decided December 7, 1994.)
Appeal from the Court of Appeals for Hamilton County, No. C-920142.

Kircher, Robinson, Cook, Newman & Welch and Robert B. Newman, for appellant.
Clark, Ward & Cave and Douglas J. May, for appellee.
McCarthy, Palmer, Volkema & Becker and William C. Becker; Eleanor L. Speelman and Stanton G. Darling, urging reversal for amicus curiae, Ohio Academy of Trial Lawyers.

The cause is dismissed, sua sponte, as having been improvidently allowed.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents and would affirm the judgment of the court of appeals.
Douglas, J., concurring.    I concur with the judgment of the majority to dismiss this appeal as having been improvidently allowed.  I write separately to make the point that our action does not necessarily mean that the holding of the court of appeals, that Cremeans v. Willmar Henderson Mfg. Co. (1991), 57 Ohio St.3d 145, 566 N.E.2d 1203, applies only to cases involving defective products, is correct.  The syllabus in Cremeans reads:  "An employee does not voluntarily or unreasonably assume the risk of injury which occurs in the course of his or her employment when that risk must be encountered in the normal performance of his or her required job duties and responsibilities."
Admittedly, Cremeans involved the use of a defective product.  That in and of itself does not, however, make Cremeans a products liability case as found by the court of

appeals' majority when it stated that "Cremeans is a products liability case involving strict liability in tort."  Nothing in the syllabus of Cremeans limits its holding to defective products.  The holding in Cremeans involved injuries suffered by an employee in the workplace and was not limited to injuries caused only by defective products.

Resnick, J., concurs in the foregoing concurring opinion.